**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK SAVIGNANO,

    Petitioner,

vs.

B. CURRY, Warden,

    Respondents.

No. C 07-1850 PJH (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

In 1985 a jury convicted petitioner of second degree murder. He was sentenced to fifteen years to life in prison. He alleges that he has exhausted these parole claims by way of state habeas petitions.

## DISCUSSION

*A. Standard of Review*

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant

or person detained is not entitled thereto." *Id.* § 2243.

*B. Legal Claims*

The petition is directed to a denial of parole on June 6, 2006.  As grounds for federal habeas relief, petitioner asserts that:  (1) his due process and equal protection rights were violated when he was not afforded individualized consideration of his case, but instead was denied parole pursuant to a "no parole" policy; and (2) there was not "some evidence" to support the denial.  These claims are sufficient to require a response.  *See Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003) (warning that repeated denial of parole based on unchanging characteristics of offense might violate due process).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. In view of petitioner's prisoner trust account balance and income, leave to proceed in forma pauperis (document number 3 on the docket) is **DENIED**.  Petitioner must pay the five dollar ($5) filing fee within thirty days of the date of this order or the case will be dismissed.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

2

Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

     5.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated June 26, 2007.

                                     PHYLLIS J. HAMILTON
                                     United States District Judge

G:\PRO-SE\PJH\HC.07\SAVIGNANO850.OSC