United States District Court
For the Northern District of California

1

2

3                       UNITED STATES DISTRICT COURT

4                       NORTHERN DISTRICT OF CALIFORNIA

5

6

7    MARK SAVIGNANO,

8                        Petitioner,              No. C 07-1850 PJH (PR)

9        vs.                                      **ORDER DENYING
                                                  RESPONDENT'S REQUEST**
10   B. CURRY, Warden,                            **FOR RECONSIDERATION**

11                       Respondent.              (Docket no. 12)
     _____/
12

13          Petitioner, a California prisoner currently incarcerated at the Correctional Training

14   Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28

15   U.S.C. § 2254 challenging the June 6, 2006, decision by the Board of Parole Hearings

16   ("Board") denying parole.

17          On August 25, 2008, the court ordered respondent to furnish the November 2005

18   report on which the Board relied during the June 6, 2006, hearing, as well as any other

19   materials reviewed by the Board.  *See* Answer Ex. 2 at 6:15.  Respondent has filed a

20   request for reconsideration of the court's order to supplement the habeas record as outside

21   the scope of federal habeas review and as unduly burdensome.  *See* Req. for Reconsid. at

22   3-5.  Respondent attached to his request nearly 250 pages of exhibits from petitioner's

23   state court petitions, but did not submit the November 2005 Board report ordered by the

24   court.

25          Respondent did not seek leave of court to file the motion for reconsideration, as

26   required by Local Rule 7-9(a) ("No party may notice a motion for reconsideration without

27   first obtaining leave of Court to file the motion.").  Nonetheless, the court will consider the

28   arguments presented and will deny the request for reconsideration.

United States District Court

For the Northern District of California

1    The Ninth Circuit has held that "Section 2254 'is the exclusive vehicle for a habeas

2   petition by a state prisoner in custody pursuant to a state court judgment, even when the

3   petitioner is not challenging his underlying state court conviction.'"   *Sass v. Cal. Bd. of*

4   *Prison Terms*, 461 F.3d 1123, 1126-27 (9th Cir. 2006) (quoting *White v. Lambert*, 370 F.3d

5   1002, 1009-10 (9th Cir.2004)).   The court reviews the habeas petition "under the deferential

6   standard of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The

7   petition cannot be granted unless the state court decision 'was contrary to, or involved an

8   unreasonable application of, clearly established Federal law, as determined by the

9   Supreme Court of the United States,' or 'was based on an unreasonable determination of

10   the facts in light of the evidence presented in the State court proceeding.'"   *Id.* at 1127

11   (quoting 28 U.S.C. § 2254(d)).

12    Respondent contends that the court may review only those documents that were

13   before the state courts on habeas review, and that the record before the Board is outside

14   the scope of federal habeas review under AEDPA.  The state courts typically do not

15   develop the factual record relevant to a California inmate's parole suitability.  Rather, under

16   California law, inmates are considered for parole at a suitability hearing before a panel of

17   state officials. *Biggs v. Terhune*, 334 F.3d 910, 915 (9th Cir. 2003).  Where, as here, the

18   petition is directed not at the state court judgment, but the Board's administrative decision

19   to deny petitioner's request for parole, the relevant factual findings are those of the Board

20   which held the parole consideration hearing.  *See Rosas v. Nielsen*, 428 F.3d 1229, 1232

21   (9th Cir. 2005).  The authorities cited by respondent limiting AEDPA review to the state

22   court record concerned collateral challenges to state court convictions, where the record

23   was limited to the state court's factual findings.  *See Holland v. Jackson*, 542 U.S. 649, 652

24   (2004) (state court held evidentiary hearing on ineffective assistance of counsel claim);

25   *Miller-El v. Cockrell*, 537 U.S. 322, 348 (2003) (trial court held pretrial and post-conviction

26   hearings on claim of discriminatory jury selection); *Bell v. Cone*, 535 U.S. 685, 697 n.4

27   (2002) (state court held post-conviction hearing on ineffective assistance claim).  By

28   contrast, the Supreme Court held that on federal habeas review of a prison disciplinary

2

United States District Court

For the Northern District of California

board's decision to revoke good time credits, due process required the prison board's findings to be "supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).  The Supreme Court reviewed evidence received at the disciplinary hearing and concluded that "the evidence before the disciplinary board was sufficient to meet the requirements imposed by the Due Process Clause." *Id.* at 456.

On federal habeas review of parole denials, the record before the Board must be available to the court in order for the court to determine whether the minimum requirements of due process have been met: "'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [ ] board.'" *Sass*, 461 F.3d at 1128 (quoting *Hill*, 472 U.S. at 455-56).  As respondent himself points out, Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires that the answer to the habeas petition "must [ ] indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed," and the respondent "must attach to the answer parts of the transcript that the respondent considers relevant."  Habeas Rule 5 also provides, "The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished."  Hab. R. 5(c).  Thus, on federal habeas review of the decision to deny parole, the court is authorized to require respondent to furnish the record of evidence that was considered by the Board in the parole suitability hearing, regardless of its inclusion in the record before the state court on habeas review.

The life prisoner evaluation report prepared for the Board's September 2002 calendar and the accompanying post-conviction progress reports amount to nine pages, and it is likely that the November 2005 report is approximately the same length as that September 2002 document.  *See* Pet. Ex. D.  The court therefore finds that it would not be unduly burdensome for respondent to provide the court with a copy of the November 2005 report, particularly in light of the 250-page attachment to respondent's request which

**United States District Court**

For the Northern District of California

1  contained exhibits which the court did not order respondent to furnish.  Therefore,

2  respondent's request for reconsideration is DENIED (docket no. 12).

3       The Attorney General is ORDERED to provide a copy of the November 2005 Board

4  report within five (5) court days of the date of this order.  If the court determines that

5  additional records are necessary, the court will order further supplementation of the habeas

6  record.

7       **IT IS SO ORDERED.**

8

9  Dated: September 4, 2008.          _____

10                                     PHYLLIS J. HAMILTON
                                       United States District Judge

11

12

13

14

15

16  G:\PRO-SE\PJH\HC.07\SAVIGNANO1850.deny#12_reconsid.wpd

17

18

19

20

21

22

23

24

25

26

27

28

4